Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis.
The defendant was convicted after trial before a court and jury of the charge of grand larceny and four charges of petit larceny and was duly sentenced on such conviction to a term of not less than two years and six months nor more than five years in State prison on the grand larceny count and to a term of one year in the penitentiary of the City of New York on each of the four petit larceny counts, said sentences to run concurrently. The defendant filed a notice of appeal from the said judgment of conviction and the said appeal is now pending before the Appellate Division, First Department.
Following his conviction and sentence, the defendant moved in Special Term, Part II of the Supreme Court, New York County for a writ of habeas corpus. That motion came on to be heard before Mr. Justice Arthur Markewich on June 27, 1962 and in an order bearing that date Justice Markewich stated that regardless of the form of relief sought by the defendant, he would treat that application as one for a certificate of reasonable doubt. The said application was dismissed by the court without prejudice to a renewal in proper form.
Thereafter the defendant applied for a certificate of reasonable doubt on August 16, 1962. That application came on to be heard before Justice Birdie Amsterdam at Special Term, Part 1 of the Supreme Court, New York County and on August 24, 1962 Justice Amsterdam denied that application with an opinion in which she stated that: “ A painstaking study of the record of the trial and of the papers herein indicates the defendant’s guilt was established beyond a reasonable doubt; that his charges against the court, prosecutor and others are so hyperbolic as to require no serious consideration; that he was not denied his right to a speedy trial nor deprived of counsel of his own choosing; nor was he prevented from calling witnesses in his own behalf. Moreover, there is no evidence of misconduct on the part of the trial justice or of the trial prosecutor. The defendant has failed to indicate any reasonably arguable question of law or *56 error in this record which should he settled on appeal. Accordingly, the application is denied. ’ ’
On this motion the defendant seeks a writ of error coram nobis and asks that the said two dispositions of his prior motions he vacated by this court.
As the District Attorney properly points out in the answering affidavit, there is no legal justification for a petitioner to ask the Criminal Division of the Supreme Court to vacate orders made by the Civil Division of the Supreme Court. Certainly that was never the purpose of coram nobis proceedings.
Under the circumstances the motion is, in all respects, denied.